**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| KISWIRE INC. and KISWIRE PINE BLUFF INC.,<br><br>            Plaintiffs<br><br>        v.<br><br>UNITED STATES,<br><br>            Defendant. | Consol. Court No. 22-00181 |

## <u>ORDER</u>

Upon consideration of Plaintiff's motion for summary judgment, the response thereto, and all other papers and proceedings herein, it is hereby:

ORDERED that Plaintiff's motion for summary judgment be and here is GRANTED; and it is further

ORDERED that judgment be entered in favor of Plaintiff; and it is further

ORDERED that the imported merchandise at issue is outside the scope of the antidumping duty order on carbon steel wire rod from Korea; and it is further

ORDERED that the entries covered by this action shall be reliquidated with a refund of AD/CVD duties plus interest as provided by law.

So ORDERED.

_____
Jennifer Choe-Groves, Judge


Dated: _____
        New York, NY

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  HONORABLE JENNIFER CHOE-GROVES, JUDGE**

|  |  |
|---|---|
| KISWIRE INC. and KISWIRE PINE BLUFF INC., | **NON-CONFIDENTIAL** |
| Plaintiffs, | Proprietary Information Removed from Attachments 3-9 |
| v. | Consol. Court No. 22-00181 |
| UNITED STATES, | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**AND BRIEF IN SUPPORT**

**MORRIS MANNING & MARTIN LLP**
1333 New Hampshire Avenue NW, Suite 800
Washington, D.C. 20036
(202) 216-4819

/s/ R. Will Planert
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Stephen A. Morrison
Ryan R. Migeed

**SANDLER TRAVIS & ROSENBERG, P.A.**
675 Third Avenue, Suite 1805
New York, NY 10178
 (212) 549-0150

/s/ Patrick D. Gill
Michael S. O'Rourke
Patrick D. Gill

Dated:  January 5, 2024

*Attorneys for Plaintiff*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  HONORABLE JENNIFER CHOE-GROVES, JUDGE**

|  |  |
|---|---|
| KISWIRE INC. and KISWIRE PINE BLUFF INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **NON-CONFIDENTIAL** <br> Proprietary Information <br> Removed from Attachments 3-9 <br><br> Consol. Court No. 22-00181 |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 7 and 56 of the Rules of the United States Court of International Trade, Plaintiffs Kiswire Inc. ("KI") and Kiswire Pine Bluff Inc. ("KPB") (collectively, "Kiswire" or "Plaintiffs"), hereby move that the Court grant Plaintiff's motion for summary judgment, enter judgment in favor of plaintiff, and order that Defendant shall refund the antidumping duties on the entries covered by this action plus interest as provided by law.

Pursuant to Rule 56.3, Plaintiff annexes hereto its statement of material facts as to which there are no genuine issues to be tried.  The reasons in support of this motion are set forth in the statement of material facts and the attached memorandum in support which is made part of this motion.

WHEREFORE, Plaintiff respectfully moves this Court for an Order granting Plaintiffs' motion for summary judgment.

Respectfully submitted,

**MORRIS MANNING & MARTIN LLP**
1333 New Hampshire Avenue NW, Suite 800
Washington, D.C. 20036
(202) 216-4819

/s/ R. Will Planert
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Stephen A. Morrison
Ryan R. Migeed

**SANDLER TRAVIS & ROSENBERG, P.A.**
675 Third Avenue, Suite 1805
New York, NY 10178
 (212) 549-0150

/s/ Patrick D. Gill
Michael S. O'Rourke
Patrick D. Gill

*Attorneys for Plaintiff*

Dated:  January 5, 2024

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ 4

BRIEF IN SUPPORT OF  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ............... 6

    MERCHANDISE AT ISSUE ...................................................................... 6

    QUESTIONS PRESENTED ........................................................................ 7

    BACKGROUND ............................................................................... 7

    SUMMARY OF ARGUMENT ................................................................. 17

    STANDARD OF REVIEW .................................................................... 18

    ARGUMENT ................................................................................. 19

        I.    *The Protested Entries Are Excluded from the Scope of the Antidumping Duty Order and Should Be Liquidated Without The Assessment of Antidumping Duties.* ............................................................ 19

            a.    *Commerce Revoked The Antidumping Duty Order With Respect To The Protested Entries.* ............................................... 19

            b.    *The Protested Entries Were Suspended Pursuant To The Antidumping Duty Administrative Review And Customs Informed Kiswire That The Protested Entries Were Suspended.* ................. 22

                i.    *The Suspension Of Liquidation Was Not Removed By Unambiguous Public Notice.* ............................................ 22

                ii.    *Undisputed Facts Demonstrate That The Notice Of Removal Of Suspension Of Liquidation Was Not Unambiguous.* ............................................................ 25

        II.    *Customs' Denial Of Kiswire's Protests And The Assessment Of Antidumping Duties On The Protested Entries Are Arbitrary And Capricious.* .............................................................. 31

    CONCLUSION ............................................................................... 34

    CERTIFICATE OF COMPLIANCE ........................................................... 35

PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS ................... 36

LIST OF EXHIBITS ATTACHED TO PLAINTIFFS' MOTION ........................... 44

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adickes v. S.H. Kress & Co.*,
    398 U.S. 144 (1970) ................................................................................................19

*Aspects Furniture Int'l Inc. v. United States*,
    42 F.4th 1366 (Fed. Cir. 2022) ...........................................................................24

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ..........................................................................................18, 19

*Cemex S.A. v. United States*,
    384 F.3d 1314 (Fed. Cir. 2004) ...........................................................................24

*Daewoo Electronics Co., Ltd. v. United States*,
    6 F.3d 1511 (Fed. Cir. 1993) ...............................................................................21

*Fujitsu General America, Inc. v. United States*,
    283 F.3d 1364 (Fed. Cir. 2002) ...........................................................................24

*Int'l Trading Co. v. United States*,
    281 F.3d 1268 (Fed. Cir. 2002) ...........................................................................24

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................................19

*Mitsubishi Electronics America, Inc. v. United States*,
    44 F.3d 973 (Fed. Cir. 1994) ...............................................................................21

*Oy v. United States*,
    61 F.3d 866 (Fed. Cir. 1995) ...............................................................................23

*SKF USA Inc. v. United States*,
    263 F.3d 1369 (Fed. Cir. 2001) ......................................................................31, 32

*Sunpreme Inc. v. United States*,
    946 F.3d 1300 (Fed. Cir. 2020) ...........................................................................21

*United States v. Great Am. Ins. Co. of New York*,
    738 F.3d 1320 (Fed. Cir. 2013) ...........................................................................23

*United States v. Pan Pac. Textile Group Inc.*,
    27 CIT 925, 276 F. Supp. 2d 1316 (2003) ..........................................................19

**Statutes**

5 U.S.C. § 706(2) ...................................................................................................31

19 U.S.C. § 1504(d) ...................................................................................24, 27, 28, 31

19 U.S.C. § 1514(c)(3) .............................................................................................27

19 U.S.C. § 1673b(d)(2) ..........................................................................................23

19 U.S.C. § 1673d(c)(1)(B) ......................................................................................23

**Other Authorities**

19 C.F.R. § 159.52 ..................................................................................................15

19 C.F.R. § 174.22(d) ..............................................................................................23

*Carbon and Alloy Steel Wire Rod From Italy, the Republic of Korea, Spain, the Republic of Turkey, and the United Kingdom: Antidumping Duty Orders and Amended Final Affirmative Antidumping Duty Determinations for Spain and the Republic of Turkey*, 83 Fed. Reg. 23,417 (Dep't Commerce May 21, 2018) .....................7

*Carbon and Alloy Steel Wire Rod From the Republic of Korea and the United Kingdom: Notice of Final Results of Antidumping Duty Changed Circumstances Review*, 84 Fed. Reg. 13,888 (Dep't Commerce Apr. 8, 2019) ............. *passim*

*Carbon and Alloy Steel Wire Rod From the Republic of Korea: Final Affirmative Determination of Sales at Less Than Fair Value and Final Negative Determination of Critical Circumstances*, 83 Fed. Reg. 13,228 (Dep't Commerce Mar. 28, 2018) .........................................................................7

*Carbon and Alloy Steel Wire Rod From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2017–2019*, 86 Fed. Reg. 15,461 (Dep't Commerce Mar. 23, 2021) .........................................................................12

*Carbon and Alloy Steel Wire Rod From the Republic of Korea: Preliminary Affirmative Determination of Sales at Less Than Fair Value, and Preliminary Negative Determination of Critical Circumstances*, 82 Fed. Reg. 50,386 (Dep't Commerce Oct. 31, 2017) .....................................................................8, 23

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  HONORABLE JENNIFER CHOE-GROVES, JUDGE**

|  |  |
|---|---|
| KISWIRE INC. and KISWIRE PINE BLUFF INC., <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **NON-CONFIDENTIAL** <br> Proprietary Information <br> Removed from Attachments 3-9 <br><br> Consol. Court No. 22-00181 |

**BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 7 and 56 of the Rules of the United States Court of International Trade ("CIT"), Plaintiffs Kiswire Inc. ("KI") and Kiswire Pine Bluff Inc. ("KPB") (collectively, "Kiswire" or "Plaintiffs"), hereby file this brief in support of its motion for summary judgment. For the following reasons, and those set forth in the annexed statement of undisputed material fact, Plaintiffs' motion for summary judgment should be granted.

**MERCHANDISE AT ISSUE**

The merchandise at issue in the protested entries is grade 1078 and higher tire cord quality wire rod produced and exported by POSCO and imported from South Korea under Subheading 7213.91.30 of the Harmonized Tariff Schedule of the United States ("HSTUS") between September 5, 2018 and December 14, 2018.  *See* Subheading 7213.91.30, HTSUS ("Bars and rods, hot-rolled, in irregularly wound coils, or iron or nonalloy steel: Other: Of circular cross section measuring less than 14 mm in diameter: Not tempered, not treated and not partly manufactured; Tire cord-quality steel wire rod as defined in statistical note 4 of this chapter.").  Such merchandise was retroactively excluded from the scope of the antidumping

duty order on carbon and alloy steel wire rod from the Republic of Korea pursuant to the partial revocation of that order by the U.S. Department of Commerce ("Commerce").  *Carbon and Alloy Steel Wire Rod From the Republic of Korea and the United Kingdom: Notice of Final Results of Antidumping Duty Changed Circumstances Review*, 84 Fed. Reg. 13,888 (Dep't Commerce Apr. 8, 2019) ("*Wire Rod CCR Final Results*").

## QUESTIONS PRESENTED

The issue presented is whether Defendant U.S. Customs and Border Protection ("Customs" or "CBP") unlawfully assessed antidumping duties on the protested entries.

## BACKGROUND

The entries protested consist of grade 1078 and higher tire cord quality wire rod from South Korea.  At the time the goods were entered, grade 1078 and higher tire cord quality wire rod from Korea was subject to an antidumping duty order.  *Carbon and Alloy Steel Wire Rod From Italy, the Republic of Korea, Spain, the Republic of Turkey, and the United Kingdom: Antidumping Duty Orders and Amended Final Affirmative Antidumping Duty Determinations for Spain and the Republic of Turkey*, 83 Fed. Reg. 23,417 (Dep't Commerce May 21, 2018). Customs collected antidumping duty cash deposits of 41.10 percent on Kiswire's entries of grade 1078 and above tire cord quality wire rod from Korea that entered between September 5, 2018 and December 14, 2018.  *See Carbon and Alloy Steel Wire Rod From the Republic of Korea: Final Affirmative Determination of Sales at Less Than Fair Value and Final Negative Determination of Critical Circumstances*, 83 Fed. Reg. 13,228 (Dep't Commerce Mar. 28, 2018).

Pursuant to the antidumping duty investigation and order, Commerce suspended liquidation of shipments of carbon and alloy steel wire rod from the Republic of Korea that were

entered, or withdrawn from warehouse, on or after October 31, 2017.  *Carbon and Alloy Steel Wire Rod From the Republic of Korea: Preliminary Affirmative Determination of Sales at Less Than Fair Value, and Preliminary Negative Determination of Critical Circumstances*, 82 Fed. Reg. 50,386 (Dep't Commerce Oct. 31, 2017); Customs Message No. 7306301 (Nov. 2, 2017) (on record of Case No. A-580-891 as Access Barcode No. 3645850-01).  During the period between September 5, 2018 and December 14, 2018, Kiswire imported grade 1078 and higher tire rod cord in 26 entries at the ports of Wilmington, North Carolina (port number 1501), New Orleans, Louisiana (port number 2002), and Savannah, Georgia (port number 1703), and Kiswire posted cash deposits of 41.10 percent *ad valorem*.  Eleven of those entries were subsequently liquidated by Customs without antidumping duties pursuant to the exclusion for grade 1078 tire cord quality wire rod.  The remaining 15 entries were assessed antidumping duties by Customs upon liquidation and are the subject of this action ("protested entries").

On April 8, 2019, Commerce published the *Final Results* of a changed circumstances review and revoked, in part, the antidumping duty orders on certain carbon alloy and steel wire rod from Korea and the United Kingdom.  The revocation applied to grade 1078 and higher tire cord quality wire rod provided that an end-use certification was submitted certifying that the wire rod shall be used for tire cord applications, which require the wire rod to be drawn into wire with a diameter of 0.405 millimeters or less, and that that the tire cord wire rod will not be drawn into wire with a diameter greater than 0.405 millimeters.  The revocation was given retroactive effect and applied to all unliquidated entries of grade 1078 and higher tire cord quality wire rod that were entered from the date of the antidumping duty order.  *Wire Rod CCR Final Results*, 84 Fed. Reg. 13,888.  Pursuant to the *Wire Rod CCR Final Results*, Customs was directed to terminate the suspension of liquidation "for all shipments of grade 1078 and higher tire cord quality wire

rod, entered, or withdrawn from warehouse, for consumption on or after 5/21/2018, for which an end-use certification was filed with CBP at the time of entry summary." *Id.*

On April 23, 2019, Commerce issued instructions in Customs Message 9113302 instructing Customs to liquidate at a zero rate of duty any entries of grade 1078 and higher tire cord quality wire rod for which end-use certifications had been submitted at the time of entry summary. Customs Message 9113302 (Apr. 23, 2019); Ct. No. 22-181 Complaint at Attachment 2. The instructions stated, "All entries of the revoked product that were suspended on or after 5/21/2018 should be liquidated without regard to antidumping duties (i.e., refund all cash deposits)." *Id.* Customs did not issue instructions to importers explaining how importers were to provide the required end-use certification to avail themselves of the revocation of the wire rod order for qualifying entries made prior to April 8, 2019, the date of publication of the revocation and imposition of end-use certification requirement. Because those entries were made before publication of the partial revocation by Commerce, but after the effective date of that revocation, it was not possible to have provided the end-use certification at the time of entry.

On April 23, 2019 and May 3, 2019, Kiswire's broker sent several e-mail messages to Customs requesting instructions as to the procedures Customs was requiring of importers to receive refunds of antidumping duties on previously entered tire cord quality wire rod that was no longer subject to the antidumping duty order. *See* Ct. No. 22-181 Complaint at Attachment 9; Ct. No. 22-285 Complaint at Attachment 11. Customs did not respond to these emails, but did instruct Kiswire's Customs broker to not take any action regarding those entries until receiving further instructions from Customs.

On June 12, 2019, Customs issued a CF-28 Request for Information for four entries, including two of the entries subject to this appeal. Kiswire responded to the CF-28 on July 19,

2019 and in addition to providing the documents requested, Kiswire also submitted the applicable end-use certifications to the two entries. *See* Ct. No. 22-181 Complaint at Attachment 10.

On July 15, 2019, Commerce initiated the administrative review of the antidumping duty order on carbon and alloy steel wire rod from the Republic of Korea covering the period of October 31, 2017 to April 30, 2019. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 33,739 (Dep't Commerce July 15, 2019).

In December 2019, having received no response from Customs to the e-mail messages sent in April and May 2019, and in the absence of any action by Customs to establish other procedures for claiming refunds on previously entered tire cord quality wire rod covered by Commerce's revocation, Kiswire attempted to claim the refund of the antidumping duties on these entries by filing post summary corrections amending the entries and uploading the end-use certifications to the Document Image System ("DIS"). *See* Ct. No. 22-181 Complaint at Attachment 11; Ct. No. 22-285 Complaint at Attachment 12. On December 17, 2019, Kiswire's broker filed the post summary corrections and uploaded complete entry packages, including the end-use certifications, to ACE/DIS for each entry, thereby providing Customs with information establishing that these entries qualified for antidumping duty free treatment as they consisted of grade 1078 and above tire cord quality wire rod and were subject to the appropriate end-user certifications. Kiswire provided confirmations of the post summary correction filings and the end-use certifications that were uploaded for each entry with its complaint. *See* Ct. No. 22-181 Complaint at Attachments 3-4; Ct. No. 22-285 Complaint at Attachments 3-4.

A post summary correction ("PSC") is a procedure established by Customs through which importers can "electronically correct entry summary data presented to and accepted by

U.S. Customs and Border Protection through" the Automated Commercial Environment

("ACE").  A post summary correction "is essentially a new entry summary."  Ct. No. 22-181

Complaint at para. 21; Ct. No. 22-181 Answer at para. 21; Ct. No. 22-285 Complaint at para. 23;

Ct. No. 22-285 Answer at para. 23.

Customs followed up with Kiswire on January 28, 2020 and requested additional

documentation regarding Entry Number DQ7-0222391-7, one of the entries at issue, including

the relevant steel certificate, specification sheets, and photographs of the product.  Kiswire

submitted the information requested on that same day via its broker, and included a copy of the

end-use certification for the entry.  *See* Ct. No. 22-181 Complaint at Attachment 13.

Between January 2020 and August 2020, Customs processed post summary corrections

filed by Plaintiffs for 11 other entries of grade 1078 and higher tire cord quality wire rod from

South Korea that entered during the period between May 21, 2018 and April 8, 2019 and issued

refunds of the antidumping cash deposits on those entries.  Defendant's Responses to Plaintiffs'

Requests for Admission, at Response to Request for Admission No. 13, *Kiswire, Inc. v. United

States*, Consol. Ct. No. 22-000181 (May 18, 2023) (attached hereto as **Plaintiffs' Exhibit 1**);

Kiswire's Response to Defendant's Interrogatories at Response to Interrogatory No. 8 and

Exhibit 9, *Kiswire, Inc. v. United States*, Consol. Ct. No. 22-000181 (May 18, 2023) (attached

hereto as **Plaintiffs' Exhibit 2** and **Plaintiffs' Exhibit 9**).  Customs continued to take no action

with respect to the entries subject to this appeal, which it continued to treat as suspended from

liquidation.  Ct. No. 22-181 Complaint at para. 33; Ct. No. 22-181 Answer at para. 33; Ct. No.

22-285 Complaint at para. 30; Ct. No. 22-285 Answer at para. 30.

On January 28, 2020 and April 15, 2020, Customs denied certain of Kiswire's post

summary corrections.  The denial notifications from Customs for entry numbers DQ7-0221433-

8, DQ7-0221727-3, DQ7-0222001-2, and DQ7-0222045-9 stated "998 _ OTHER - PSC

DENIED. PENDING LIQ INSTRUCTIONS FROM DOC."  Ct. No. 22-285 Complaint at

Attachment 14.  Customs' ACE system continued to show that two of these four entries (Entry

Numbers DQ7-0221433-8 and DQ7-0222001-2) were suspended from liquidation as of January

2022 as there was an antidumping duty suspension code listed in the "Extension/Suspension

Status Code 1" of the Entry Summary Query Response generated at that time.  Ct. No. 22-285

Complaint at Attachment 3.  A supervisory import specialist explained that, because Entry

Numbers DQ7-0222391-7, DQ7-0223423-7, and DQ7-0224287-5 were subject to AD/CVD,

those three entries were not liquidated after the review of the post summary corrections and

instead were left in suspended status.  Ct. No. 22-181 Complaint at para. 31; Ct. No. 22-181

Answer at para. 31.

On March 23, 2021, Commerce published the *Final Results* for the antidumping

administrative review of carbon and alloy steel wire rod from South Korea covering the period of

October 31, 2017 to April 30, 2019.  *Carbon and Alloy Steel Wire Rod From the Republic of*

*Korea: Final Results of Antidumping Duty Administrative Review; 2017–2019*, 86 Fed. Reg.

15,461 (Dep't Commerce Mar. 23, 2021) ("*Wire Rod 2017-2019 Final Results*").  Commerce

determined an antidumping duty rate of 0.94 percent for subject steel wire rod produced and

exported by POSCO.

On April 19, 2021, a Customs Supervisory Import Specialist advised the broker that the

entries "are in fact suspended and have NOT deemed liquidated by operation of law."  Ct. No.

22-181 Complaint at Attachment 16.  The same Customs Supervisory Import Specialist

confirmed again the next day that the entries were not liquidated, but in fact were suspended

from liquidation.  Ct. No. 22-181 Complaint at Attachment 16.

Liquidation instructions were issued in Customs Message No. 1118402 on April 28, 2021 for all entries produced and exported by POSCO between October 31, 2017 and April 30, 2019. Customs Message No. 1118402 (April 28, 2021); Ct. No. 22-181 Complaint at Attachment 15. Customs Message No. 1118402 noted that the suspension of liquidation for these entries was removed with the publication of the *Final Results* of the administrative review on March 23, 2021.

After no action was taken on the protested entries for three months, Kiswire's broker followed up with Customs on July 14, 2021 concerning the liquidation status of the entries.  A Customs Supervisory Import Specialist advised the broker that the entries remained suspended and no further updates were available.  Ct. No. 22-181 Complaint at Attachment 16.

Kiswire's broker followed up with Assistant Center Director Christopher Polashock.  Mr. Polashock stated on July 15, 2021 that "It is CBP's position that DOC liq message 9113302 does not apply, as the end use certification was not filed with CBP at time of entry summary, as required by the DOC liq messages" and that the "entries are currently under the purview of the Base Metals Center."  Ct. No. 22-181 Complaint at Attachment 16.  The Base Metals Center also confirmed on that same day that Customs Message 9113302 does not apply, and that the entries will remain in suspended status until Commerce publishes a liquidation message for the entries.

Customs liquidated three entries subject to this appeal (Entry Numbers DQ7-0222391-7, DQ7-0223423-7, and DQ7-0224287-5) on September 20 and September 21, 2021 according to Customs' Official Notice of Extension, Suspension and Liquidation.  Ct. No. 21-181 Complaint at Attachment 5.  The entries were liquidated without any refunds of antidumping duty cash deposits issued to Kiswire.

Given Customs' treatment of the protested entries and the manual liquidation of Entry

Numbers DQ7-0222391-7, DQ7-0223423-7, and DQ7-0224287-5, Plaintiffs understood that remaining entries deemed liquidated on September 24, 2021, *i.e.* the date which was six months after the suspension of liquidation was lifted.  The suspension of liquidation was lifted on March 23, 2021 with the publication of the *Final Results* in the Federal Register for the antidumping duty administrative review of wire rod from South Korea.  According to Customs' Official Notice of Extension, Suspension and Liquidation, KI's one warehouse entry deemed liquidated on October 8, 2019.  However, according to the same source, KPB's two warehouse-in entries deemed liquidated on September 24, 2021.  Ct. No. 22-285 Complaint at Attachment 5.  All of the protested entries were liquidated without any refunds of antidumping duty cash deposits issued to Plaintiffs.

On December 14, 2021, Kiswire timely protested the liquidation of DQ7-0222391-7, DQ7-0223423-7, DQ7-0224287-5 in Protest Number 1501-21-101162.

On March 16, 2022, Kiswire Inc. timely protested the liquidation of Entry Numbers DQ7-0221459-3, DQ7-0221433-8, DQ7-0221727-3, DQ7-0222001-2, and DQ7-0222045-9 in Protest Number 2002-22-100801.  Also on March 16, 2022, Kiswire Pine Bluff, Inc. timely protested the liquidation of Entry Numbers DQ7-0221316-5, DQ7-0221399-1, DQ7-0221785-1, DQ7-0222064-0, DQ7-0221999-8, DQ7-0221382-7, and DQ7-0222061-6 in Protest Number 2002-22-100800.  Kiswire provides the below chart to summarize the warehouse-withdrawal entries associated with each warehouse-in entry and which entries are associated with each protest and importer.

| Ct. No. | Importer | Protest No. | Warehouse-in Entry No. | Entry No. or Warehouse-Withdrawal Entry No. |
|---|---|---|---|---|
| 22-181 | Kiswire Inc. | 1501-21-101162 | (no warehouse) | DQ7-0222391-7 |
|  |  |  |  | DQ7-0223423-7 |
|  |  |  |  | DQ7-0224287-5 |
| 22-285 | Kiswire Inc. | 2002-22-100801 & | DQ7-0221459-3 | DQ7-0221433-8 |
|  |  | 2002-22-100819 |  | DQ7-0221727-3 |
|  |  |  |  | DQ7-0222001-2 |
|  |  |  |  | DQ7-0222045-9 |
|  | Kiswire Pine Bluff, Inc. | 2002-22-100800 | DQ7-0221316-5 | DQ7-0221399-1 |
|  |  |  |  | DQ7-0221785-1 |
|  |  |  |  | DQ7-0222064-0 |
|  |  |  |  | DQ7-0221999-8 |
|  |  |  | DQ7-0221382-7 | DQ7-0222061-6 |

Protest Number 1501-21-101162 was denied on January 11, 2022.  The reason for the denial was that entries "under DOC message 9113302 deemed liquidated by operation of law on 10/08/2019" and thus the protest "was filed after deemed date."  Ct. No. 22-181 Complaint at Attachment 7.

Kiswire's Protest Number 2002-22-100801 was denied on April 7, 2022.  The reason for the denial was that "Protest denied. Claim is filed untimely."  Ct. No. 22-285 Complaint at Attachment 7.  A Supervisory Import Specialist from Customs explained that the protest was premature because the entries subject to the protest had not yet liquidated.  Ct. No. 22-285 Complaint at Attachment 17.  According to the Supervisory Import Specialist, a small quantity of material from the one warehouse entry remained in the warehouse and thus pursuant to 19 C.F.R. § 159.52, the warehouse and warehouse withdrawal entries could not be liquidated.

On May 11, 2022, the same Supervisory Import Specialist explained that in order to liquidate the warehouse entry (and warehouse withdrawal entries), the importer needed to submit certain information including the weight (exact amount), what came out on each withdrawal and what remained, and the last withdrawal showing a balance of zero.  Ct. No. 22-285 Complaint at

Attachment 17.  Counsel then provided the documentation requested to demonstrate that all of the tire cord quality wire rod had been removed from the warehouse.  An entry officer for the Base Metals Center confirmed that the evidence provided was acceptable to "OK close."  Ct. No. 22-285 Complaint at Attachment 17.

On June 21, 2022, the same Supervisory Import Specialist that previously explained to counsel that the protest was premature because the entries subject to protest had not yet liquidated told counsel that the warehouse entry in fact was deemed liquidated on October 8, 2019 pursuant to Customs Message 9113302.  Ct. No. 22-285 Complaint at Attachment 17.  This latest explanation is directly contrary to what Kiswire's broker was told by Customs' Assistant Director for Validation and Compliance, via e-mail on July 15, 2021, who stated that "It is CBP's position that DOC liq message 9113302 does not apply."

In an abundance of caution, Kiswire subsequently refiled Protest Number 2002-22-100801 as Protest Number 2002-22-100819 on June 27, 2022.  Ct. No. 22-285 Complaint at Attachment 6.

KI's Protest Number 2002-22-100819 was denied on July 20, 2022.  The reason for the denial was again that "Protest denied. Claim is filed untimely."  Ct. No. 22-285 Complaint at Attachment 7.

KPB's Protest Number 2002-22-100800 deemed denied on July 29, 2022, as Customs did not respond to KPB's protest.  Ct. No. 22-285 Complaint at Attachment 9.

On September 30, 2022, Customs issued to KPB a check in the amount of $181,564.70, consisting of a duty refund of $164,296.43 and interest in the amount of $17,268.27.  In response to an inquiry from KPB's broker, Customs informed the broker via email that the check pertains to warehouse entry DQ7-0221316-5.  This warehouse entry is associated with four warehouse

withdrawal entries that were subject to KPB's protest and this appeal.  KPB deposited $426,848.16 in antidumping duties for these four warehouse withdrawal entries.  KPB has been unable to discern the basis of Customs' calculation of this check amount.  Customs' ACE system continues to show this entry as having been deemed liquidated on September 24, 2021 at the rate of duty asserted on entry.

This action followed.

## SUMMARY OF ARGUMENT

In a changed circumstances review, Commerce excluded the merchandise in the protested entries from the antidumping duty order by retroactively revoking the order as to grade 1078 and higher tire cord quality wire rod entered on or after the date of the antidumping duty order for which an end-use certification was filed at the time entry.  There is no dispute that the merchandise meets the requirements to be excluded from the antidumping duty order or that end-use certifications were filed for the protested entries.

When it denied Kiswire's protests, Customs claimed that the entries had deemed liquidated and the protests were untimely.  But, the liquidation of the entries was suspended pursuant to the contemporary antidumping duty administrative review.  No unambiguous notice lifting the suspension of liquidation was provided to Customs or Plaintiff.  Commerce revoked the antidumping duty order as to grade 1078 and higher tire cord quality wire rod entered on or after the date of the antidumping duty order for which an end-use certification was filed at the time of entry, but no end-use certification could have been filed at the time of entry because the end-use certification requirement was not established until the final results of the changed circumstances review that established the end-use certification requirement.  The final results of the revocation and the subsequent Customs instructions were not unambiguous regarding entries

17

that entered after the date of the antidumping duty order but before the conclusion of the changed circumstances review.

Customs informed Kiswire multiple times in writing after the claimed deemed liquidation date that the liquidation of the protested entries remained suspended.  Indeed, notifications from Customs' Official Notice of Extension, Suspension and Liquidation website and its ACE system showed protested entries suspended after the alleged deemed liquidation date.  Accordingly, the suspension of liquidation had not been lifted by unambiguous public notice.

Customs treated the protested entries inconsistently and the denial of the protests as untimely is arbitrary and capricious.  After the claimed deemed liquidation date, Customs processed other entries by Kiswire of the same product from the same time period as the protested entries without antidumping duties.  Additionally, the denial of Kiswire's protests as untimely is inconsistent with its treatment of the protested entries at issue as suspended from liquidation.  The assessment of antidumping duties on the protested entries is arbitrary, capricious, and contrary to law.

## STANDARD OF REVIEW

Pursuant to CIT Rule 56, summary judgment is appropriate if, based upon the record (including depositions, documents, affidavits, admissions, and interrogatory answers), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  USCIT Rule 56(a) and (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (pursuant to Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").  In determining whether a genuine issue of fact

exists, the Court reviews the evidence submitted, drawing all inferences against the moving

party.  *See United States v. Pan Pac. Textile Group Inc.*, 27 CIT 925, 927, 276 F. Supp. 2d 1316,

1319 (2003); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986).  The movant bears the burden of demonstrating that there exists no genuine issue of

material fact that would warrant a trial.  *See, e.g.*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157

(1970).  The movant may satisfy this burden by noting that the party who will bear the ultimate

burden of proof at trial cannot support an essential element of its claim. *See, e.g.*, *Celotex,* 477

U.S. at 322-23.  Here, summary judgment for Plaintiff is appropriate because there is no genuine

dispute as to the entries at issue.

There is no genuine factual dispute that grade 1078 and higher tire cord quality wire rod

is excluded from the antidumping duty order and that Kiswire submitted end-use certifications

for the protested entries.  Customs thus unlawfully assessed antidumping duties on the protested

entries.  Therefore, Plaintiffs' motion for summary judgment should be granted.

## ARGUMENT

I.     *The Protested Entries Are Excluded from the Scope of the Antidumping Duty Order
       and Should Be Liquidated Without The Assessment of Antidumping Duties.*

a.  *Commerce Revoked The Antidumping Duty Order With Respect To The Protested
    Entries.*

Customs' assessment of antidumping duties on the protested entries is unlawful because

Commerce revoked the antidumping duty orders with respect to the grade 1078 and higher tire

cord quality wire rod entered and excluded tire cord wire rod of grade 1078 and higher from the

antidumping duty orders provided that an end-use certification was filed with Customs.  *See*

*Wire Rod CCR Final Results*, 84 Fed. Reg. at 13,889.  The revocation was made effective to all

unliquidated entries of grade 1078 and higher tire cord quality wire rod that were entered on or

after May 21, 2018 and for which an end-use certification was filed at the time of entry.  *Id.*  The entries of grade 1078 and higher tire cord quality wire rod at issue may not be subject to the assessment of antidumping duties because the antidumping duty order was revoked as to those entries.

The protested entries meet the express requirements of the *Wire Rod CCR Final Results*. The protested entries consist of grade 1078 and higher tire cord quality wire rod from South Korea.  Ct. No. 22-181 Complaint at para. 2; Ct. No. 22-181 Answer at para. 2; Ct. No. 22-285 Complaint at para. 2; Ct. No. 22-285 Answer at para. 2.  The entries entered between September 5, 2018 and December 14, 2018—after the May 21, 2018 effective date of the revocation.  Ct. No. 22-181 Complaint at para. 2; Ct. No. 22-181 Answer at para. 2; Ct. No. 22-285 Complaint at para. 2; Ct. No. 22-285 Answer at para. 2.  Kiswire's broker re-filed the entry summaries in post summary corrections to the protested entries, which are "essentially new entry summaries."[1] Def.'s Response to Request for Admission Nos. 1 and 6; Kiswire's Response to Interrogatory Nos. 5-7 and Exhibits 1-2, 7-8.  Kiswire submitted the end-use certifications for the protested entries as required by the *Wire Rod CCR Final Results*.  *Id*.  Kiswire's broker submitted the end-use certifications when it resubmitted the entry summaries in December 2019.  *Id*.  Defendant admits that Kiswire filed post summary corrections to the protested entries and that Kiswire filed the end-use certifications.  Def.'s Response to Request for Admission No. 1.  Additionally, Kiswire filed the entry summaries and the end-use certifications with Customs with its protests to the liquidation of the entries.  Protest Number 1501-21-101162 (Dec. 14, 2021), ECF No. 14-1; Protest Number 2002-22-100800 (Mar. 16, 2022), *Kiswire Inc. v. United States*, Ct. No. 22-285,

---

[1] According to Customs' website, a post summary correction "is essentially a new entry summary."  Ct. No. 22-181 Complaint at para. 21; Ct. No. 22-181 Answer at para. 21; Ct. No. 22-285 Complaint at para. 23; Ct. No. 22-285 Answer at para. 23.

ECF No. 18-1; Protest Number 2002-22-100801 (Mar. 16, 2022), *Kiswire Inc. v. United States*, Ct. No. 22-285, ECF No. 19-1 (refiled as Protest Number 2002-22-100819 (June 27, 2022), *Kiswire Inc. v. United States*, Ct. No. 22-285, ECF No. 19-2).  Kiswire satisfied the terms of the exclusion by filing entry summaries and end-use certifications via the post summary correction process and also during the protest process.

The undisputed facts show that protested entries meet the requirements of the *Wire Rod CCR Final Results* as determined by Commerce because Kiswire filed the entry summaries and end-use certifications for the protested entries.  Commerce, not Customs, is the "master" of antidumping law.  *Daewoo Electronics Co., Ltd. v. United States*, 6 F.3d 1511, 1516 (Fed. Cir. 1993).  "Customs merely follows Commerce's instructions in assessing and collecting duties," and "Customs has a merely ministerial role in liquidating antidumping duties."  *Mitsubishi Electronics America, Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994); *see also Sunpreme Inc. v. United States*, 946 F.3d 1300, 1320 (Fed. Cir. 2020) (noting that *Mitsubishi* distinguishes Customs' ministerial authority from Commerce's broader authority and that "Customs may not 'modify Commerce's determinations, their underlying facts, or their enforcement.'") (citing *Mitsubishi*, 44 F.3d at 977).  Commerce determined that the changed circumstances review should apply to the protested entries by making the revocation retroactive to May 21, 2018.  *Wire Rod CCR Final Results*, 84 Fed. Reg. at 13,890.  Customs Message 9113302 states that "All entries of the revoked product that were suspended on or after 5/21/2018 should be liquidated without regard to antidumping duties (i.e., refund all cash deposits)."  Customs Message 9113302 at 3.  Commerce determined that grade 1078 and higher tire cord quality wire rod from South Korea was excluded from the antidumping duty order effective from the date of the order, and Customs was bound to implement Commerce's determination.

Customs itself liquidated other entries of grade 1078 and higher tire cord quality wire rod from the same period without antidumping duties. Just as with the entries subject to this action, Kiswire filed post summary corrections and submitted end-use certifications for 11 other entries of grade 1078 and above tire cord quality wire rod. Customs liquidated those 11 other entries without antidumping duties and refunded the antidumping duty cash deposits to Kiswire. Def.'s Response to Request for Admission No. 13. Defendant admits that it liquidated those entries without antidumping duties. *Id*. The liquidation of those entries without antidumping duties supports that the merchandise in the protested entries is properly not covered by the scope of the antidumping duty order, that Customs so understood the instructions from Commerce, and that Customs has treated identically situated entries differently from the protested entries.

Commerce revoked the antidumping duty order as to grade 1078 and higher tire cord quality wire rod. The antidumping duty order did not apply to the grade 1078 and higher tire cord quality wire rod in the protested entries, especially given that Customs admits that it received end-use certifications for each of the entries at issue. Customs' assessment of antidumping duties on the protested entries was unlawful and inconsistent with its treatment of other identical entries. Instead, the protested entries should have been liquidated without antidumping duties, and the estimated antidumping duties deposited on entry should have been refunded.

   b. *The Protested Entries Were Suspended Pursuant To The Antidumping Duty Administrative Review And Customs Informed Kiswire That The Protested Entries Were Suspended.*

     i. *The Suspension Of Liquidation Was Not Removed By Unambiguous Public Notice.*

Customs denied Kiswire's protests because the protests were allegedly untimely filed. Customs denied Protest Number 1501-21-101162 on January 11, 2022 because, allegedly,

"entries under DOC message 9113302 deemed liquidated by operation of law on 10/08/2019"

and the protest was allegedly "filed after deemed date."  Ct. No. 22-181 Complaint at para. 10;

Ct. No. 22-181 Answer at para. 10.  Customs then denied Protest Numbers 2002-22-100801 and

2002-22-100819 because they were allegedly "filed untimely."  Ct. No. 22-285 Complaint at

para. 6; Ct. No. 22-285 Answer at para. 6.  Protest Number 2002-22-100800 was deemed denied

because Customs did not respond to the protest within thirty days of its filing.  Ct. No. 22-285

Complaint at para. 7; Ct. No. 22-285 Answer at para. 7; 19 C.F.R. § 174.22(d).

The denial of Kiswire's protests as untimely is unlawful because those entries remained

suspended by operation of law pursuant to the antidumping duty order.  *See United States v.*

*Great Am. Ins. Co. of New York*, 738 F.3d 1320, 1329 (Fed. Cir. 2013) (noting that suspension of

liquidation "occurred automatically by operation of law."); *Oy v. United States*, 61 F.3d 866 at

870 n.5 (Fed. Cir. 1995) ("During an administrative review, the liquidation of the merchandise

(final assessment of duties) is suspended by operation of law.").  Commerce suspended

liquidation of shipments of carbon and alloy steel wire rod from the Republic of Korea that were

entered, or withdrawn from warehouse, on or after October 31, 2017, and initiated the

administrative review of the antidumping duty order on carbon and alloy steel wire rod from the

Republic Korea covering the period of October 31, 2017 to April 30, 2019.  *Carbon and Alloy*

*Steel Wire Rod From the Republic of Korea*, 82 Fed. Reg. 50,386; *Initiation of Antidumping and*

*Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 33,739; Customs Message No.

7306301; *see also* 19 U.S.C. § 1673d(c)(1)(B); 19 U.S.C. § 1673b(d)(2).  That suspension was

not lifted until March 23, 2021, at the conclusion of the October 31, 2017 to April 30, 2019

administrative review conducted by Commerce.  *Wire Rod 2017-2019 Final Results*, 86 Fed.

Reg. 15,461.  Customs expressly and repeatedly advised Kiswire that the protested entries

remained suspended pending instructions from Commerce as to their liquidation.

Where, as here, liquidation has been suspended pursuant to an antidumping proceeding, the suspension remains in place until the suspension is removed by an unambiguous and public notice. 19 U.S.C. § 1504(d) states that "when a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry… within 6 months after receiving notice of the removal from the Department of Commerce" and that "any entry" that is "not liquidated by the Customs Service within 6 months after having received such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record." 19 U.S.C. § 1504(d). In order for deemed liquidation to have occurred, "(1) the suspension of liquidation that was in place must have been removed; (2) Customs must have received notice of the removal of the suspension; and (3) Customs must not liquidate the entry at issue within six months of receiving such notice." *Fujitsu General America, Inc. v. United States*, 283 F.3d 1364, 1376 (Fed. Cir. 2002).

The Federal Circuit has "interpreted § 1504 to require that a notice of removal of suspension of liquidation must be 'unambiguous and public.'" *Aspects Furniture Int'l Inc. v. United States*, 42 F.4th 1366, 1370 (Fed. Cir. 2022); *Cemex S.A. v. United States*, 384 F.3d 1314, 1321 (Fed. Cir. 2004) ("Our case law further requires that, in addition to being unambiguous, the notice to Customs must be public."); *Int'l Trading Co. v. United States*, 281 F.3d 1268, 1275 (Fed. Cir. 2002) ("{T}he date of publication provides an unambiguous and public starting point for the six-month liquidation period."). Here, the notice of removal of suspension of liquidation pursuant to the publication of the *Wire Rod CCR Final Results* in the *Federal Register* was not unambiguous as applied to the entries subject to this action, and thus did not trigger the start of the six month period provided in 19 U.S.C. § 1504(d). The *Wire Rod CCR Final Results* stated

on May 8, 2019, "{Commerce} will instruct CBP to liquidate without regard to antidumping duties, all unliquidated entries of merchandise covered by this partial revocation that were entered, or withdrawn from warehouse, *on or after May 21, 2018*, for which an end-use certification was filed with CBP at the time of entry summary."  *Wire Rod CCR Final Results*, 67 Fed. Reg. at 13,890 (emphasis added).  This notice did not explicitly and unambiguously address the liquidation of entries that were made after May 21, 2018 but before publication of the *Wire Rod CCR Final Results*.  Entries during this window were intended to be covered by Commerce's partial revocation; however, no end-use certifications could have been filed *at the time of entry summary* because the end-use certification requirement was not established until the *Wire Rod CCR Final Results* in April 2019.  This ambiguity was not resolved by Customs Message No. 9113302 ("CBP is directed to terminate the suspension of liquidation for all shipments of grade 1078 and higher tire cord quality wire rod entered or withdrawn from warehouse, for consumption on or after 5/21/2018, for which an end-use certification was filed with CBP at the time of entry.").

> ii.  *Undisputed Facts Demonstrate That The Notice Of Removal Of Suspension Of Liquidation Was Not Unambiguous.*

Any question as to whether the *Wire Rod CCR Final Results* and/or Message No. 9113302 constituted an unambiguous public removal of suspension of liquidation as to Kiswire's entries is resolved by Customs' own conduct.  Despite multiple requests from Kiswire's broker, Customs failed to advise how Kiswire should avail itself of the partial revocation with regard to entries that had entered before the end-use certification procedure was established, and Customs continued to show these entries as suspended in its automated system and advised Kiswire's broker via email that entries remained suspended notwithstanding the *Wire Rod CCR Final Results*.

25

When Customs was directed to terminate the suspension of liquidation for shipments of grade 1078 and higher tire cord quality wire rod after the conclusion of the *Wire Rod Changed Circumstances Review*, it did not liquidate the protested entries, nor did it establish a process for Kiswire to provide the required end-use certifications, despite repeated requests and inquiries about the revocation from Kiswire.  Kiswire sought guidance on April 23, 2019 and May 3, 2019 from Customs regarding the protested entries after Commerce excluded them from the antidumping duty order and issued instructions to Customs.  Ct. No. 22-181 Complaint at para. 26; Ct. No. 22-181 Answer at para. 26; Ct. No. 22-285 Complaint at para. 24; Ct. No. 22-285 Answer at para. 24.  Customs did not respond to Kiswire's requests and instructed Kiswire's broker to not take any action regarding the protested entries until receiving instructions from Customs.  Ct. No. 22-181 Complaint at para. 26; Ct. No. 22-181 Answer at para. 26; Ct. No. 22-285 Complaint at para. 24; Ct. No. 22-285 Answer at para. 24.

Thereafter, Customs treated the protested entries as though liquidation had been suspended pursuant to the antidumping duty administrative review.  Having received no response from Customs on how to proceed regarding the protested entries, Kiswire filed post summary corrections and end-use certifications in December 2019.  Kiswire's Interrogatories Response Nos. 3 & 5, and Interrogatories Exhibits 1-4, 7-8.  On January 28, 2020 and April 15, 2020, Customs denied certain of Kiswire's post summary corrections, explaining that, because Entry Numbers DQ7-0222391-7, DQ7-0223423-7, and DQ7-0224287-5 were subject to AD/CVD duties, those three entries were not liquidated after the review of the post summary corrections and instead were left in suspended status.  Ct. No. 22-181 Complaint at 31; Ct. No. 22-181 Answer at para. 31.  The denial notifications from Customs for entry numbers DQ7-0221433-8, DQ7-0221727-3, DQ7-0222001-2, and DQ7-0222045-9 stated "998 _ OTHER - PSC DENIED.

PENDING LIQ INSTRUCTIONS FROM DOC."  Ct. No. 22-285 Complaint at para. 31; Ct. No. 22-285 Answer at para. 31.

On April 6, 2020, Customs changed the status of the protested entries to "suspended" status on Customs' Official Notice of Extension, Suspension and Liquidation website to "ADD suspend."  Ct. No. 22-181 Complaint at para. 32; Ct. No. 22-181 Answer at para. 32.  Customs' ACE system as recently as January 2022 continued to show that at least two of the protested entries were suspended due to ongoing antidumping duty administrative review.  Ct. No. 22-285 Complaint at para. 31.  According to Customs' Official Notice of Extension, Suspension and Liquidation, Entry Numbers DQ702213165 and DQ702213827 report a deemed liquidation date of September 24, 2021, the date which was six months after the lifting of suspension of liquidation due to the antidumping duty administrative review.  Ct. No. 22-285 Complaint at para. 36; Ct. No. 22-285 Answer at para. 36; *see also Wire Rod 2017-2019 Final Results* 86 Fed. Reg. 15,461; 19 U.S.C. § 1504(d).  Accordingly, the liquidation of the protested entries was suspended by operation of law, and the notice of removal of the suspension of liquidation was not unambiguous.  Indeed, Customs notified Kiswire that the protested entries were suspended and reflected that suspension of liquidation in ACE.

Customs denied Kiswire's protests because the protests were allegedly "filed after the deemed date" or "filed untimely," but admits that it liquidated protested entries in September 2021, the date pursuant to which Kiswire timely filed its protests within 180 days.  Pursuant to 19 U.S.C. § 1514(c)(3), protests must be filed within 180 days of either liquidation or, in circumstances where no liquidation has occurred, "the date of the decision as to which protest is made."  19 U.S.C. § 1514(c)(3).  Customs' Official Notice of Extension, Suspension and Liquidation reports a deemed liquidation date of September 24, 2021 for Entry Numbers

DQ702213165 and DQ702213827, six months after the antidumping duty administrative review concluded on March 23, 2021.  Ct. No. 22-285 Complaint at para. 36; Ct. No. 22-285 Answer at para. 36; *see also Wire Rod 2017-2019 Final Results* 86 Fed. Reg. 15,461; 19 U.S.C. § 1504(d). Defendant admits that it liquidated three entries on September 20, 2021 and September 21, 2021, and that other protested entries deemed liquidated on September 23, 2023.  Ct. No. 22-181 Complaint at paras. 5, 38; Ct. No. 22-181 Answer at paras. 5, 38; Ct. No. 22-285 Complaint at paras. 5, 36; Ct. No. 22-285 Answer at paras. 5, 36.  Kiswire filed its protests on December 14, 2021 and March 16, 2022 within 180 days of September 20, 2021.  Ct. No. 22-181 Complaint at para. 15; Ct. No. 22-181 Answer at para. 15; Ct. No. 22-285 Complaint at para. 17; Ct. No. 22-285 Answer at para. 17; Protest Number 1501-21-101162 (Dec. 14, 2021); Protest Number 2002-22-100800 (Mar. 16, 2022); Protest Number 2002-22-100801 (Mar. 16, 2022) (refiled as Protest Number 2002-22-100819 (June 27, 2022)).  The denial of Kiswire's protests because they were allegedly "filed after the deemed date" or "filed untimely" is contrary to law and undisputed facts.

Additionally, Customs advised Kiswire's broker on at least four separate occasions, in writing, that its entries had not deemed liquidated and that the entries remained suspended pending further instructions from Commerce.  Ct. No. 22-181 Complaint at para. 46; Ct. No. 22-181 Answer at para. 46; Ct. No. 22-285 Complaint at para. 50; Ct. No. 22-285 Answer at para. 50.  First, on April 19, 2021, Customs' Supervisory Import Specialist Wilbert D. Jones informed Kiswire's broker via email that "the said entries are in fact suspended and have *not* deem liquidated by operation of law."  Ct. No. 22-181 Complaint at para. 35; Ct. No. 22-181 Answer at para. 35; Ct. No. 22-285 Complaint at para. 33; Ct. No. 22-285 Answer at para. 33.  On April 20, 2021, Supervisory Import Specialist Jones "confirmed" that "these entries did *not* deem

liquidate but are in fact suspended." Ct. No. 22-181 Complaint at para. 35; Ct. No. 22-181
Answer at para. 35; Ct. No. 22-285 Complaint at para. 33; Ct. No. 22-285 Answer at para. 33.

Second, on July 14 and 15, 2021, Customs again informed Kiswire's broker via email
that "the entries are still suspended." Ct. No. 22-181 Complaint at para. 36; Ct. No. 22-181
Answer at para. 36; Ct. No. 22-285 Complaint at para. 34; Ct. No. 22-285 Answer at para. 34.

Third, on July 15, 2021, Customs' Assistant Director for Validation and Compliance,
Christopher Polashock, informed Kiswire's broker that "it is CBP's position that DOC liq
message 9113302 does not apply, as the end use certification was not filed with CBP at the time
of entry summary, as required by the DOC liq messages." Ct. No. 22-181 Complaint at para. 37;
Ct. No. 22-181 Answer at para. 37; Ct. No. 22-285 Complaint at para. 35; Ct. No. 22-285
Answer at para. 35. The same day, the Customs Base Metals Center also confirmed that
Customs Message 9113302 does not apply and that the entries will remain in suspended status
until Commerce publishes a liquidation message for the entries. Ct. No. 22-181 Complaint at
para. 37; Ct. No. 22-181 Answer at para. 37; Ct. No. 22-285 Complaint at para. 35; Ct. No. 22-
285 Answer at para. 35.

Fourth, on April 20, 2022, a different Customs Supervisory Import Specialist, Cesar
Salgado, informed Kiswire's broker that Entry Numbers DQ7-0222391-7, DQ7-0223423-7, and
DQ7-0224287-5 "were subject to ADCVD," and "the entries were not liquidated after the review
of the {post summary corrections} and were left in suspended status." Ct. No. 22-181 Complaint
at para. 31; Ct. No. 22-181 Answer at para. 31.

Further, other actions by Customs treated protested entries as if they had not deemed
liquidated on October 8, 2019 and were in suspended status after October 2019. For example, on
January 28, 2020—after the claimed date of deemed liquidation—Customs requested additional

documentation for Entry Number DQ7-0222391-7, as if the entry had not deemed liquidated and was still under consideration by Customs.  Ct. No. 22-181 Complaint at para. 30; Ct. No. 22-181 Answer at para. 30; Kiswire's Interrogatory Response No. 3 & Exhibit 4.  Also, after Kiswire filed Protest Number 2002-22-100801, a Customs Supervisory Import Specialist informed Kiswire that Entry Number DQ7-0221459-3 had not yet liquidated and that Kiswire needed to submit additional information to show that the last warehouse withdrawal resulted in a balance of zero for the warehouse-in entry.  Ct. No. 22-285 Complaint at paras. 39-40; Ct. No. 22-285 Answer at paras. 39-40.  The same import specialist informed Plaintiff's counsel on June 22, 2022 that "when Protest 200222100801 was filed on 03/16/2022 for Warehouse Entry DQ702214593, the entry had not liquidated" and that "Warehouse Entry DQ702214593 remained in suspended status" until an internal review was conducted.  Ct. No. 22-285 Complaint at para. 39; Ct. No. 22-285 Answer at para. 39.  On September 30, 2022, Customs issued Kiswire a check for $181,564.70, consisting of a duty refund of $164,296.43 and interest in the amount of $17,268.27, which Customs stated pertained to Entry Number DQ7-0221316-5, despite the fact that Customs' ACE system shows the entry having deemed liquidated at the rate of duty deposited on entry.  Ct. No. 22-285 Complaint at para. 44, Attachment 5 (showing "no change" for the entry); Ct. No. 22-285 Answer at para. 44.

In sum, multiple Customs personnel, its ACE system, and its Official Notice of Extension, Suspension and Liquidation website informed Kiswire on multiple occasions and through multiple means that protested entries had "not liquidated," and were "in suspended status" pending liquidation instructions from Commerce at the conclusion of the contemporary administrative review.  Indeed, Defendant admits that Customs "treated" the entries subject to this action "as suspended from liquidation."  Ct. No. 22-181 Complaint at para. 33; Ct. No. 22-

181 Answer at para. 33; Ct. No. 22-285 Complaint at para. 30; Ct. No. 22-285 Answer at para. 30.  The treatment of the protested entries as suspended from liquidation evidences that the notice of removal of suspension of liquidation in the *Wire Rod CCR Final Results* was not unambiguous notice of such removal for purposes of 19 U.S.C. § 1504(d).  The undisputed facts show that Customs treated the liquidation of the protested entries as suspended notwithstanding the *Wire Rod CCR Final Results* such that the protested entries liquidated or deemed liquidated in September 2021, not October 8, 2019.  Kiswire's protests were accordingly timely filed and the denial of Kiswire's protests was contrary to law and undisputed facts.

II.   *Customs' Denial Of Kiswire's Protests And The Assessment Of Antidumping Duties On The Protested Entries Are Arbitrary And Capricious.*

Customs' denial of Kiswire's protests and assessment of antidumping duties on the protested entries are arbitrary and capricious and contrary to law.  The Court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. § 706(2).  An agency's actions are arbitrary and capricious "when the agency offers insufficient reasons for treating similar situations differently."  *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001). Here, Customs treated similarly situated entries differently by liquidating the protested entries with antidumping duties and other similar entries without antidumping duties.  Customs was also inconsistent in its treatment of the protested entries at issue, which Customs described to Kiswire as suspended pursuant to the antidumping duty administrative review, not subject to Customs Message 9113302, and not deemed liquidated.  Customs' treatment of the protested entries is arbitrary and capricious as it treated similarly situated entries differently than the protested entries, and treated the protested entries themselves inconsistently.

Customs liquidated 11 other similarly situated entries from around the same period of time without antidumping duties and refunded the antidumping duty cash deposits to Kiswire. Like the protested entries, Kiswire filed post summary corrections and submitted end-use certifications for the 11 other entries of grade 1078 and above tire cord quality wire rod, and Customs refunded the antidumping duties on those entries.  Kiswire Response to Interrogatory No. 8 and Exhibit 9.  These entries entered between September 10, 2018 and March 22, 2019—around the same time as the protested entries—and Customs accepted the post summary corrections and end-use certifications for those 11 other entries in December 2019.  Def.'s Response to Request for Admission No. 12; Kiswire's Response to Interrogatory No. 8 and Exhibit 9.  Customs processed the post summary corrections between January 2020 and August 2020, liquidated the entries with zero percent antidumping duties, and refunded all antidumping duty cash deposits.  Def.'s Response to Request for Admission Nos. 12-13.  Importantly, Customs processed those 11 other entries without antidumping duties between January 2020 and August 2020—after the October 2019 deemed liquidation date that Customs claims applied to the protested entries when it denied the protests at issue.  Customs' treatment of the protested entries is inconsistent with its treatment of those 11 other similarly situated entries from around the same period of time that Customs liquidated without antidumping duties.  Customs' differing treatment of similarly situated entries is thus arbitrary and capricious and contrary to law.  *See SKF*, 263 F.3d at 1382.

Additionally, Customs treated the protested entries as if they were suspended by the antidumping duty administrative review, not subject to Customs Message 9113302, and as if they had not deemed liquidated.  Customs' about-face regarding the applicability of Customs

Message 9113302 and the suspension and liquidation status of the protested entries treats the protested entries inconsistently without justification.

Customs' advice and actions on the entries of this merchandise are all over the place, including the actions on the entries that were liquidated with the assessment of antidumping duties and those that were not.  If the Court finds it difficult in attempting to sort out and follow the mixed signals, the conflicting information, the inconsistent liquidation of the entries, and the failure of Customs to respond to the inquiries from plaintiff's broker, one can only imagine the confusion this would cause for an importer.  In this case, Customs misled Kiswire by informing Kiswire that the protested entries were suspended and cannot, upon protest, claim that the entries deemed liquidated prior to Customs' statements that the entries were suspended.  Customs thus arbitrarily and capriciously denied Kiswire's protests contrary to law.

**CONCLUSION**

For the foregoing reasons, Kiswire respectfully requests that the Court grant its motion for summary judgment, enter judgment in favor of plaintiff, order that Defendant shall refund the antidumping duties paid on the entries covered by this action plus interest as provided by law, and grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

**MORRIS MANNING & MARTIN LLP**
1333 New Hampshire Avenue NW, Suite 800
Washington, D.C. 20036
(202) 216-4819

/s/ R. Will Planert
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Stephen A. Morrison
Ryan R. Migeed

**SANDLER TRAVIS & ROSENBERG, P.A.**
675 Third Avenue, Suite 1805
New York, NY 10178
 (212) 549-0150

/s/ Patrick D. Gill
Michael S. O'Rourke
Patrick D. Gill

*Attorneys for Plaintiff*

Dated:  January 5, 2024

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 8,357 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

/s/ R. Will Planert
R. Will Planert

Dated:  January 5, 2024

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  HONORABLE JENNIFER CHOE-GROVES, JUDGE**

|  |  |
|---|---|
| KISWIRE INC. and KISWIRE PINE BLUFF INC., <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **NON-CONFIDENTIAL** <br> Proprietary Information <br> Removed from Attachments 3-9 <br><br> Consol. Court No. 22-00181 |

**PLAINTIFFS' STATEMENT OF**
**UNDISPUTED MATERIAL FACTS**

Pursuant to Rules 56(a) and 56.3(a) of the Rules of the United States Court of International Trade, Kiswire Inc. ("KI") and Kiswire Pine Bluff Inc. ("KPB") (collectively, "Kiswire" or "Plaintiffs") hereby submit this statement of facts as to which there is no genuine issue to be tried.  Plaintiff respectfully submits that there are no material facts as to which there exists a genuine issue to be tried and the issues are amendable to resolution through a dispositive motion for summary judgment.  Pursuant to Rule 56.3(a), Kiswire provides a short and concise statement, in numbered paragraphs, of the material facts as to which it contends there is no genuine issue to be tried.  As required by Rule 56(c) and 56.3(c), Kiswire cites to admissible evidence and particular parts of materials in the record, including depositions, documents, affidavits, or other materials.

The material undisputed facts of this case are as follows:

1.      The protested entries consist of grade 1078 and higher tire cord quality wire rod from South Korea, that are classified under subheading 7213.91.30 of the Harmonized Tariff Schedule of the United States ("HTSUS").  *See* Complaint at para. 2, *Kiswire Inc. v. United*

*States*, No. 22-00181 (Ct. Int'l Trade July 19, 2022), ECF No. 12 ("Ct. No. 22-181 Complaint");

Answer at para. 2, *Kiswire Inc. v. United States*, No. 22-00181 (Ct. Int'l Trade Sept. 19, 2022),

ECF No. 18 ("Ct. No. 22-181 Answer"); Complaint at para. 2, *Kiswire Inc. v. United States*, No.

22-00285 (Ct. Int'l Trade Oct. 12, 2022), ECF No. 11 ("Ct. No. 22-285 Complaint"); Answer at

para. 2, *Kiswire Inc. v. United States*, No. 22-00285 (Ct. Int'l Trade Dec. 12, 2022), ECF No. 17

("Ct. No. 22-285 Answer").

      2.      The entries at issue in this matter include entry numbers DQ7-0222391-7, DQ7-

0223423-7, DQ7-0224287-5, DQ7-0221459-3, DQ7-0221433-8, DQ7-0221727-3, DQ7-

0222001-2, DQ7-0222045-9, DQ7-0221316-5, DQ7-0221399-1, DQ7-0221785-1, DQ7-

0222064-0, DQ7-0221999-8, DQ7-0221382-7, DQ7-0222061-6 ("protested entries").

Defendant's Responses to Plaintiffs' Requests for Admission at 2, *Kiswire Inc. v. United States*,

Consol. Ct. No. 22-00181 (May 18, 2023) (attached hereto as **Plaintiffs' Exhibit 1**); *see also* Ct.

No. 22-181 Complaint at para. 43; Ct. No. 22-181 Answer at para. 43; Ct. No. 22-285 Complaint at

para. 49; Ct. No. 22-285 Answer at para. 49.

      3.      In December 2019, Kiswire's broker filed post summary corrections for entries

DQ7-0222391-7, DQ7-0223423-7, DQ7-0224287-5, DQ7-0221433-8, DQ7-0221727-3, DQ7-

0222001-2, DQ7-0222045-9,  DQ7-0221399-1, DQ7-0221785-1, DQ7-0222064-0, DQ7-

0221999-8, and DQ7-0222061-6.  Def.'s Response to Request for Admission Nos. 1 and 6;

Kiswire's Response to Def.'s Interrogatories at Response to Interrogatory Nos. 3&5 and Exhibits

1-2, 7-8, *Kiswire Inc. v. United States*, No. 22-00181 (Ct. Int'l Trade May 18, 2023) (attached

here to as **Plaintiffs' Exhibits 2-4** and **Plaintiffs' Exhibits 7-8**); Ct. No. 22-181 Complaint at

paras. 4, 8, 26, 49; Ct. No. 22-181 Answer at paras. 4, 8, 26, 49; Ct. No. 22-285 Complaint at

paras. 10, 27, 53; Ct. No. 22-285 Answer at paras. 10, 27, 53.

4. In December 2019, Kiswire's broker filed end use certifications for entries DQ7-0222391-7, DQ7-0223423-7, DQ7-0224287-5, DQ7-0221433-8, DQ7-0221727-3, DQ7-0222001-2, DQ7-0222045-9, DQ7-0221399-1, DQ7-0221785-1, DQ7-0222064-0, DQ7-0221999-8, and DQ7-0222061-6.  Def.'s Response to Request for Admission Nos. 1 and 6; Kiswire Response to Interrogatory Nos. 6-7 and Exhibits 1-2 and 7-8; Ct. No. 22-181 Complaint at Attachments 4, 10 and 12-13; Ct. No. 22-285 Complaint at Attachments 4, 13.

5. Kiswire's broker submitted end use certifications for the entries at issue.  Ct. No. 22-181 Complaint at paras. 8, 49; Ct. No. 22-181 Answer at paras. 8, 49; Ct. No. 22-285 Complaint at paras. 10, 53; Ct. No. 22-285 Answer at paras. 10, 53; Def.'s Response to Request for Admission Nos. 1 and 6; Kiswire's Response to Interrogatory Nos. 6-7 and Exhibits 1-2, 7-8.

6. On April 23, 2019 and May 3, 2019, Kiswire's Customs broker sent several e-mail messages to Customs requesting instructions as to the procedures Customs was requiring of importers to receive refunds of AD duties on previously entered tire cord quality wire rod that was no longer subject to the AD order.  Ct. No. 22-181 Complaint at Attachment 9; Ct. No. 22-285 Complaint at Attachment 11.  Customs did not respond to these emails.  Ct. No. 22-181 Complaint at para. 24; Ct. No. 22-181 Answer at para. 24; Ct. No. 22-285 Complaint at para. 26; Ct. No. 22-285 Answer at para. 26.

7. On July 19, 2019, Kiswire responded to a CF-28 Request for Information regarding certain entries, including two entries subject to this appeal. *See* Ct. No. 22-181 Complaint at para. 25, Attachment 10; Ct. No. 22-181 Answer at para. 25; **Plaintiffs' Exhibit 5**.

8. In its July 19, 2019 response to Customs' Request for Information, Kiswire submitted end use certifications for the two entries subject to this appeal, in addition to providing

the documents requested.  *See* Ct. No. 22-181 Complaint at para. 25, Attachment 10; Ct. No. 22-181

Answer at para. 25; **Plaintiffs' Exhibit 5**.

     9.     A Post Summary Correction ("PSC") is a procedure established by Customs through

which importers can "electronically correct entry summary data presented to and accepted by U.S.

Customs and Border Protection through" the automated Commercial environment ("ACE").  Ct.

No. 22-181 Complaint at para. 21, Attachment 8; Ct. No. 22-181 Answer at para. 21; Ct. No. 22-

285 Complaint at para. 23, Attachment 10; Ct. No. 22-285 Answer at para. 23.

     10.     According to Customs' website, a PSC "is essentially a new entry summary."  Ct.

No. 22-181 Complaint at para. 21, Attachment 8; Ct. No. 22-181 Answer at para. 21; Ct. No. 22-

285 Complaint at para. 23, Attachment 10; Ct. No. 22-285 Answer at para. 23.

     11.     On January 28, 2020 Customs requested additional documentation regarding Entry

Number DQ7-0222391-7 and Kiswire submitted the requested information and end use certification

for the entry on that same day via its broker.  Ct. No. 22-181 Complaint at para. 30, Attachment 13;

Ct. No. 22-181 Answer at para. 30; **Plaintiffs' Exhibit 6**.

     12.     Post summary correction and end use certifications were filed in ACE for Entry No.

DQ7-0221522-8.  Def.'s Response to Request for Admission No. 12; Kiswire's Response to

Interrogatory No. 8; **Plaintiffs' Exhibit 9**.

     13.     Customs liquidated Entry No. DQ7-0221522-8 with 0.00 percent antidumping

duties and Customs refunded all antidumping cash deposits paid at the time of the entry.  Def.'s

Response to Request for Admission No. 13; Kiswire's Response to Interrogatory No. 8;

**Plaintiffs' Exhibit 9**.

14.     Entry No. DQ7-0226055-4 contains grade 1078 or above tire cord quality wire rod from South Korea.  Def.'s Response to Request for Admission No. 11; Kiswire's Response to Interrogatory No. 8; **Plaintiffs' Exhibit 9**.

15.     Customs liquidated Entry No. DQ7-0226055-4 with 0.00 percent antidumping duties and that Customs refunded all antidumping cash deposits paid at the time of the entry.  Def.'s Response to Request for Admission No. 13; Kiswire's Response to Interrogatory No. 8; **Plaintiffs' Exhibit 9**.

16.     Entry Nos. DQ7-0222407-1, DQ7-0223655-4, DQ7-0224652-0, DQ7-0225069-6, DQ7-0226055-4, DQ7-0226185-9, DQ7-0226186-7, DQ7-0226709-6, DQ7-0221522-8, DQ7-0225278-3, and DQ7-0225817-8 contain grade 1078 or above tire cord quality wire rod from South Korea.  Kiswire Response to Interrogatory No. 8, Exhibit 9; Def.'s Response to Request for Admission No. 11; Kiswire's Response to Interrogatory No. 8; **Plaintiffs' Exhibit 9**.

17.     Post summary corrections were filed for Entry Nos. DQ7-0222407-1, DQ7-0223655-4, DQ7-0224652-0, DQ7-0225069-6, DQ7-0226055-4, DQ7-0226185-9, DQ7-0226186-7, DQ7-0226709-6, DQ7-0221522-8, DQ7-0225278-3, and DQ7-0225817-8.  Def. Response to Request for Admission No. 12; Kiswire Response to Interrogatory No. 5; **Plaintiffs' Exhibit 7**; **Plaintiffs' Exhibit 9**.

18.     End use certifications were filed for Entry Nos. DQ7-0222407-1, DQ7-0223655-4, DQ7-0224652-0, DQ7-0225069-6, DQ7-0226055-4, DQ7-0226185-9, DQ7-0226186-7, DQ7-0226709-6, DQ7-0221522-8, DQ7-0225278-3, and DQ7-0225817-8.  Kiswire Response to Interrogatory No. 8; **Plaintiffs' Exhibit 7**; **Plaintiffs' Exhibit 9**; Def. Response to Request for Admission No. 12.

19.     Customs liquidated the following entries with 0.00 percent antidumping duties and refunded all antidumping cash deposits paid at the time of entry for these entries: DQ7-0222407-1, DQ7-0223655-4, DQ7-0224652-0, DQ7-0225069-6, DQ7-0226055-4, DQ7-0226185-9, DQ7-0226186-7, DQ7-0226709-6, DQ7-0221522-8, DQ7-0225278-3, and DQ7-0225817-8.  Def.'s Response to Request for Admission No. 13; Kiswire's Response to Interrogatory No. 8; **Plaintiffs' Exhibit 9**.

20.     Notifications from Customs for entry numbers DQ7-0221433-8, DQ7-0221727-3, DQ7-0222001-2, and DQ7-0222045-9 stated "998 _ OTHER - PSC DENIED. PENDING LIQ INSTRUCTIONS FROM DOC."  Ct. No. 22-285 Complaint at para. 31, Attachment 14; Ct. No. 22-285 Answer at para. 31.

21.     Customs' Official Notice of Extension, Suspension and Liquidation website displayed that Entry Numbers DQ7-0222391-7, DQ7-0223423-7, and DQ7-0224287-5 have a "suspended" event with an "ADD suspend" basis that posted April 6, 2020.  Ct. No. 22-181 Complaint at paras. 32, 46, Attachment 5; Ct. No. 22-181 Answer at paras. 32, 46.

22.     On January 19, 2022, Customs' ACE system listed "AD/CVD suspend" and "ADD suspend," respectively, as "Extension/Suspension Status Code 1" for Entry Numbers DQ7-0221433-8 and DQ7-0222001-2.  Ct. No. 22-285 Complaint at Attachment 3.

23.     After Kiswire's broker inquired about Entry Numbers DQ7-0222391-7, DQ7-0223423-7, and DQ7-0224287-5, a supervisory import specialist explained that "because the entries were subject to ADCVD the entries were not liquidated after the review of the PSCs and instead were left in suspended status."  Ct. No. 22-181 Complaint at para. 31, Attachment 14; Ct. No. 22-181 Answer at para. 31.

24.     On April 19, 2021, a Customs Supervisory Import Specialist advised Kiswire's broker that protested entries "are in fact suspended and have NOT deemed liquidated by operation of law." Ct. No. 22-181 Complaint at Attachment 16 (emphasis in original).

25.     On April 20, 2021, a Customs Supervisory Import Specialist emailed Kiswire's broker stating: "please see my email correspondence issued Monday to Hayoung Yang, where I am confirming these entries did not deem liquidate, but are in fact suspended." Ct. No. 22-181 Complaint at para. 35, Attachment 16; Ct. No. 22-181 Answer at para. 35; Ct. No. 22-285 Complaint at para. 33, Attachment 16; Ct. No. 22-285 Answer at para. 33.

26.     On July 14, 2021, a Customs Supervisory Import Specialist advised Kiswire's broker via email that "the entries are still suspended. No further updates are available at this time." Ct. No. 22-181 Complaint at para. 36; Attachment 16; Ct. No. 22-181 Answer at para. 36; Ct. No. 22-285 Complaint at para. 34, Attachment 16; Ct. No. 22-285 Answer at para. 34.  On July 15, 2021, the same import specialist informed Kiswire's broker via email that "the entries are suspended." Ct. No. 22-181 Complaint at para. 36; Attachment 16; Ct. No. 22-181 Answer at para. 36; Ct. No. 22-285 Complaint at para. 34, Attachment 16; Ct. No. 22-285 Answer at para. 34.

27.     On July 15, 2021, a Customs Assistant Director for Validation and Compliance stated in an email to Kiswire's broker that "It is CBP's position that DOC liq message 9113302 does not apply, as the end use certification was not filed with CBP at time of entry summary, as required by the DOC liq message" and that "the entries are currently under the purview of the Base Metals Center." Ct. No. 22-181 Complaint at para. 37, Attachment 16; Ct. No. 22-181 Answer at para. 37; Ct. No. 22-285 Complaint at para. 35, Attachment 16; Ct. No. 22-285 Answer at para. 35.

28.     Entry Numbers DQ7-0222391-7, DQ7-0223423-7, and DQ7-0224287-5 liquidated on September 20 and September 21, 2021 according to Customs' Official Notice of Extension,

Suspension and Liquidation.  Ct. No. 22-181 Complaint at para. 38, Attachment 5; Ct. No. 22-181 Answer at para. 38.

29.     According to Customs' Official Notice of Extension, Suspension and Liquidation, Entry Numbers DQ7-0221316-5 and DQ7-0221382-7 deemed liquidated on September 24, 2021. Ct. No. 22-285 Complaint at para. 36, Attachment 5: Ct. No. 22-285 Answer at para. 36.

30.     On September 30, 2022, Customs issued to KPB a check in the amount of $181,564.70, consisting of a duty refund of $164,296.43 and interest in the amount of $17,268.27. In response to an inquiry from KPB's broker, Customs informed the broker via email that the check pertains to warehouse entry DQ7-0221316-5. This warehouse entry is associated with four warehouse withdrawal entries that were subject to KPB's protest.  KPB deposited $426,848.16 in AD duties for these four warehouse withdrawal entries.  Ct. No. 22-285 Complaint at para. 44; Ct. No. 22-285 Answer at para. 44.

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

*Kiswire Inc. and Kiswire Pine Bluff Inc. v. United States*

Consol. Ct. No. 22-00181

Plaintiffs' Motion for Summary Judgment

**LIST OF EXHIBITS ATTACHED TO PLAINTIFFS' MOTION**

Pursuant to Rules 56 and 56.3(c) of the Rules of the U.S. Court of International Trade,

Plaintiffs Kiswire Inc. and Kiswire Pine Bluff Inc. hereby submit, as attachments hereto, the

following exhibits and evidence cited in their motion for summary judgment and statement of

undisputed material facts:

| Plaintiffs' Exhibit Number | Description |
|---|---|
| 1 | Defendant's Responses to Plaintiffs' Requests for Admission, *Kiswire, Inc. v. United States*, Consol. Ct. No. 22-000181 (May 18, 2023). |
| 2 | Kiswire's Response to Defendant's Interrogatories Narrative, *Kiswire, Inc. v. United States*, Consol. Ct. No. 22-000181 (May 18, 2023). |
| 3 | Kiswire's Response to Defendant's Interrogatories Exhibit 1: E-mail Correspondence from Kiswire Inc. and Kiswire Pine Bluff Inc. to Frontier Logistics (Customs broker) Sending Signed End Use Certifications |
| 4 | Kiswire's Response to Defendant's Interrogatories Exhibit 2: Entry Summary Status Notification Responses Sent by U.S. Customs and Border Protection Confirming Receipt of the Signed End Use Certifications Uploaded to the Document Image System |
| 5 | Kiswire's Response to Defendant's Interrogatories Exhibit 3: Kiswire Inc.'s Response to CF-28 for Entry Numbers DQ7-0223423-7 and DQ7-0224287-5 |
| 6 | Kiswire's Response to Defendant's Interrogatories Exhibit 4: Kiswire Inc.'s Response to Request for Information from U.S. Customs and Border Protection for Entry Number DQ7-0222391-7 |
| 7 | Kiswire's Response to Defendant's Interrogatories Exhibit 7: E-mail Correspondence from Frontier Logistics (Customs broker) to Kiswire Inc. and Kiswire Pine Bluff Inc. Confirming that Post Summary Corrections Were Filed and End Use Certifications Were Uploaded to Document Image System |

| 8 | Kiswire's Response to Defendant's Interrogatories Exhibit 8: Entry Summary Query Responses Showing Filing of Post Summary Corrections |
|---|---|
| 9 | Kiswire's Response to Defendant's Interrogatories Exhibit 9: Entry Documents Submitted to U.S. Customs and Border Protection for Entry Nos. DQ7-0225817-8, DQ7-0221522-8, DQ7-0225278-3, DQ7-0222407-1, DQ7-0223655-4, DQ7-0224652-0, DQ7-0225069-6, DQ7-0226055-4, DQ7-0226185-9, DQ7-0226186-7, and DQ7-0226709-6 |