IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| KISWIRE INC. and KISWIRE PINE BLUFF INC.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Consol. Court No. 22-00181 |

## STIPULATED JUDGMENT ON AGREED STATEMENT OF FACTS

This action, as prescribed by Rule 58.1 of the Rules of the United States Court of International Trade, is stipulated for judgment on the following agreed statement of facts in which the parties agree that:

1.　The protests and the consolidated action involved herein were filed within the time provided by law, and all liquidated duties, charges or exactions have been paid prior to the filing of the summonses.

2.　The imported merchandise covered by the entries set forth in Schedule A, attached, consists of grade 1078 and higher tire cord quality wire rod from the Republic of Korea.

3.　Antidumping duties were assessed by U.S. Customs and Border Protection for the imported merchandise at a rate of 41.10 percent *ad valorem* pursuant to the antidumping duty order on Carbon and Alloy Steel Wire Rod from the Republic of Korea.

4.　Without the necessity of reliquidating the entries, the United States will pay plaintiffs $3,043,623.92 (the Payment), plus interest as provided by law from September 1, 2024

through the date of payment. The Payment consists of $2,381,683.53 in refunds of duties and $661,940.39 in interest from the date of deposit through August 31, 2024.

5. All other claims and non-stipulable entries are abandoned.

6. Each party will bear its own costs and attorney's fees.

7. The United States consents to entry of judgment against the United States in favor of plaintiffs as set out in this stipulation.

8. Upon entry judgment, plaintiffs release, waive, and abandon all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or otherwise involved in the entries that are the subject of this action, regardless of whether they were included in the complaint, including but not limited to any claims for costs, expenses, attorney fees, and damages of any sort.

9. This stipulation is in no way related to or concerned with income or other taxes for which plaintiffs are now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

10. Plaintiffs warrant and represent that no other action or suit with respect to the claims advanced in the entries that are the subject of this action is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiffs further warrant and represent that they have made no assignment or transfer of all or any part of their rights arising out of or relating to the claims advanced in the entries that are the subject of this action. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by plaintiffs, together with interest

thereon at the rates provided in 41 U.S.C. § 7109, computed from the date the United States makes payment.

11.     This stipulation is for the purpose of settling the claims for the entries that are the subject of this action and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties in any administrative proceedings in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation. Nor shall this stipulation bind the parties, be cited or otherwise referred to in any judicial proceedings in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

12.     Plaintiffs' counsel represents that they have been and are authorized to enter into this stipulation on behalf of plaintiffs.

13.     This document constitutes a complete integration of the stipulation between the parties and supersedes any and all prior oral or written representations, understandings, or agreements among or between them.

Respectfully Submitted,

By: /s/ R. Will Planert

R. WILL PLANERT
Morris, Manning, and Martin, LLP
1333 New Hampshire Avenue, NW
Suite 800
Washington, D.C. 20036
Telephone: (202) 216-4819

*Attorneys for Plaintiffs*
Kiswire Inc. and Kiswire Pine Bluffs Inc.
Date: October 16, 2024

Stipulated Judgment On Agreed Statement Of Facts, Consol. Court No. 22-00181 (continued)

                                          BRYAN M. BOYNTON
                                          Principal Deputy Assistant Attorney General

                                            PATRICIA M. MCCARTHY
                                            Director

By:    */s/ Justin R. Miller*
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

By:    */s/ Mathias Rabinovitch*
        MATHIAS RABINOVITCH
        Trial Attorney
        Department of Justice
        Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Suite 346
        New York, New York 10278
        Telephone: (212) 264-0484

        *Attorneys for Defendant*
        United States
        Date: October 16, 2024

**SO ORDERED**

Judgment is hereby entered in accordance with this stipulation.

                                          JENNIFER CHOE-GROVES, JUDGE

Dated:_____

## SCHEDULE A TO STIPULATED JUDGMENT

Port of Wilmington, NC (1501)

| Court No. | Protest No. | Entry No. | Description of Merchandise |
|---|---|---|---|
| 22-00181 | 1501-21-101162 | DQ7-0222391-7 | Grade 1078 and higher tire cord quality wire rod |
| | 1501-21-101162 | DQ7-0223423-7 | Grade 1078 and higher tire cord quality wire rod |
| | 1501-21-101162 | DQ7-0224287-5 | Grade 1078 and higher tire cord quality wire rod |

Port of New Orleans, LA (2002)

| Court No. | Protest No. | Entry No. Warehouse | Withdrawal | Description of Merchandise |
|---|---|---|---|---|
| 22-00285 | 2002-22-100819 | DQ7-0221459-3 | | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0221433-8 | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0221727-3 | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0222001-2 | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0222045-9 | Grade 1078 and higher tire cord quality wire rod |
| | 2002-22-100800 | DQ7-0221316-5 | | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0221399-1 | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0221785-1 | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0222064-0 | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0221999-8 | Grade 1078 and higher tire cord quality wire rod |
| | 2002-22-100800 | DQ7-0221382-7 | | Grade 1078 and higher tire cord quality wire rod |
| | | | DQ7-0222061-6 | Grade 1078 and higher tire cord quality wire rod |